Billy Joe CONWELL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 18A02–8903–CR–95.

Court of Appeals of Indiana, Second District.

Aug. 28, 1989.

Kelly N. Bryan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Billy Joe Conwell appeals an eight year sentence for his conviction of burglary, a class C felony.[1]

We vacate his sentence and remand for resentencing.

Conwell broke and entered the home of Danny and Rebecca Oates in Delaware County on June 14, 1988. He was charged with burglary as a class B felony; pursuant to a plea agreement he pled guilty to burglary as a class C felony.[2]

The presumptive sentence for a class C felony is five years with up to three years added for aggravating circumstances.[3] The trial court sentenced Conwell to eight years (five years executed and three years suspended). The trial court recited as the aggravating circumstance that Conwell broke into a dwelling:

> Court would impose a sentence which endeavors to take into consideration the aggravating and mitigating circumstances. The mitigating circumstances are his lack of criminal record. The aggravating circumstances, we're talking about, in essence, breaking and entering into someone's home. That is an aggravated nature of the offense.

Record at 176.

Conwell's contentions on appeal, restated, are that the trial court erred in (1) considering as an aggravating circumstance the fact that he broke into a dwelling, and (2) overlooking other mitigating circumstances. As a result, he argues, he should have received a sentence of less, rather than more, than the presumptive sentence.

1. IC 35–43–2–1 (1988).

2. "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B

## I.

Conwell claims the fact that he broke into a dwelling cannot be used as an aggravating circumstance.

In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, our supreme court held that a trial court may not impose the maximum sentence for an offense to compensate for what the trial court regards as the jury's error in failing to find the defendant guilty of the greater offense with which he was charged. Though Conwell's conviction of the lesser offense resulted from a guilty plea rather than a jury verdict, we view the logic of *Hammons* to be controlling. Therefore, when a defendant pleads guilty to an included offense, the element(s) distinguishing it from the greater offense—here, that the building or structure was a dwelling—may not be used as an aggravating circumstance to enhance the sentence. The trial court is entitled to refuse to accept the plea to the included offense, but it may not attempt to sentence as if the defendant had pled to the greater offense by using the distinguishing element(s) as an aggravating factor.

## II.

Conwell further claims the trial court erred in overlooking other mitigating circumstances in determining his sentence. Specifically, he asserts the trial court failed to give adequate consideration to his lack of prior convictions, his youth, the deterrent effect of the time he had already spent incarcerated for the instant offense, his substance abuse problem, his young children, and that "upon his arrest ... [he] cooperated with the police" and since that time "had changed in a positive manner." Appellant's Brief at 11.

The finding of mitigating circumstances is not mandatory and rests within the discretion of the sentencing court. *Graham v. State* (1989), Ind., 535 N.E.2d 1152, 1155. The trial court does not have a

felony ...if the building or structure is a dwelling...." IC 35–43–2–1.

3. IC 35–50–2–6 (1988).

duty to discuss each potentially mitigating circumstance raised by the defendant and explain why it does not support a reduced sentence. *See Stout v. State* (1988), Ind. 528 N.E.2d 476, 481.

Here, the trial court did identify the most significant of the potential mitigating circumstances—the fact that Conwell had no prior criminal record. However, the trial court's conclusion that the mitigating circumstance was outweighed by the aggravating circumstance that Conwell broke and entered a dwelling is no longer valid. Therefore, resentencing is mandated.

Conwell's eight-year sentence is ordered vacated. The cause is remanded to the trial court with instructions to resentence Conwell, such sentence in no event to exceed the presumptive sentence for a class C felony.

SULLIVAN and BAKER, JJ., concur.