Kenneth E. CARLSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 46A03–9804–CR–197.

Court of Appeals of Indiana.

Aug. 31, 1999.

Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy

Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant Kenneth E. Carlson (Carlson) challenges the sentence for his conviction of Dealing in Cocaine, a Class B felony.[1]

We reverse and remand.

Carlson claims that the trial court improperly cited the following three aggravating factors in imposing his sentence.

(1) Evidence of the amount of cocaine possessed by Carlson, where defendant pleaded guilty to a lesser included offense and the amount of cocaine was the distinguishing element of the greater offense.

(2) Evidence that Carlson was convicted of a misdemeanor, cocaine-related offense ten years prior to his sentencing in the instant case; and

(3) Recitation, without supporting facts, of the statutory aggravating factor that defendant needed correctional or rehabilitative treatment that could best be provided by commitment to a penal facility.

On February 27, 1995, the State filed a two count information against Carlson, charging him with Possession of Cocaine, a Class C felony,[2] and Possession of Paraphernalia, a Class A misdemeanor.[3] Nine months later, on November 27, 1995, the State moved to allow filing of an amended information, charging Carlson with two counts of Dealing in Cocaine. Count I was charged as a Class A felony,[4] alleging possession with intent to deliver cocaine, and Count II was charged as a Class B felony alleging actual delivery. The trial court granted the State's motion to file the amended information on March 25, 1996.

A Statement of Plea Agreement was filed with the trial court on January 12, 1998. Carlson agreed to plead guilty to the included offense in Count I of Possession with Intent to Deliver Cocaine as a Class B felony. The parties agreed to argue the sentencing, but the plea agreement contained a cap limiting the sentence to no more than fifteen years of imprisonment. Upon Carlson's sentencing upon Count I, Count II was to be dismissed. The trial court accepted the plea agreement and an argued sentencing hearing was scheduled.[5] The hearing was conduct-

1. I.C. 35–48–4–1(a)(1)(C) (Burns Code Ed. Repl.1998). Pursuant to statute, "[a] person who ... knowingly or intentionally ... delivers ... cocaine or a narcotic drug ... classified in schedule I or II ... commits dealing in cocaine or a narcotic drug, a Class B felony...." It is also a Class B felony to possess cocaine with intent to deliver. I.C. 35–48–4–1(a)(2)(C).

2. I.C. 35–48–4–6 (Burns Code Ed. Repl.1998).

3. I.C. 35–48–4–8.3 (Burns Code Ed. Repl. 1998).

4. The offense is a Class A felony if "the amount of the drug involved weighs three (3) grams or more." I.C. 35–48–4–1(b)(1) (Burns Code Ed. Repl.1998).

5. It appears from the record that the trial court, during the guilty plea hearing, was mistaken as to the offense to which Carlson was entering his guilty plea. The Court stated:

"Do you understand that by pleading guilty you'll be admitting that you committed the crime that you're charged with specifically, that you *delivered* cocaine on or about February 24, 1995, in LaPorte County Indiana?" Record at 396 (emphasis supplied).

The actual delivery was the substance of Count II of the Information, as opposed to the offense of possession of cocaine, with intent to deliver as an included offense of Count I. Carlson was pleading guilty to possession of less than three grams of cocaine, albeit with intent to deliver, as an included offense of Count I, not to the actual delivery of cocaine. The actual delivery count was to be dismissed.

During the factual basis portion of the guilty plea hearing it was only established that Carlson actually "gave a small quantity" of cocaine, i.e. "a gram or less probably," to an individual at his house and that "she left with it on her person." Record at 400. This individual was apparently Carlson's girlfriend, Ms. Underwood, who had been enlisted by police to obtain cocaine from Carlson.

ed on February 26, 1998, and the court took the matter under advisement.

A final sentencing hearing was held on March 16, 1998. On that date, the trial court entered its sentencing order finding Carlson guilty of Dealing in Cocaine as a Class B felony. Carlson was sentenced to twelve years of incarceration, with two years suspended. Further, the trial court ordered that the defendant be placed on probation for two years upon completion of his executed sentence.

In making its decision, the trial court found the following aggravating circumstances:

"1. Circumstances of the crime. The Defendant had 33½ grams of pure cocaine in his possession with a street value of more than $100.00 per gram. He also possessed a cutting agent used to cut pure cocaine, a grinder, screens and a scale. These are all facts indicative of dealing in cocaine and delivery to more than just friends.

2. The Defendant has been previously convicted of Possession of Cocaine in 1987 in LaPorte Superior Court # 3. At that time the Defendant was given a one year suspended sentence and placed on probation. A probation revocation was filed in that matter because the Defendant tested positive for cocaine within three months after having been placed on probation. The first

court proceeding made little or no impact on the Defendant as evidenced by this proceeding.

3. The Defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility. As previously indicated, the Defendant was convicted of a prior drug related charge and that matter has had little or no impact on the Defendant and his involvement with illegal drugs."

Record at 381.[6] The court cited three mitigating circumstances as well but concluded that they were outweighed by the aggravating circumstances.[7]

■ Sentencing of a defendant is left to the sound discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. *Utley v. State* (1998) Ind.App., 699 N.E.2d 723, 729, *trans. denied*. Moreover, it is within the trial court's discretion to determine whether a sentence should be enhanced or decreased due to aggravating or mitigating circumstances. *Anderson v. State* (1998) Ind.App., 695 N.E.2d 156, 158. In *Crawley v. State* (1997) Ind., 677 N.E.2d 520, 521–22 (citations omitted), our Supreme Court noted:

"Indiana Code Section 35–38–1–3 requires that, if the trial court imposes a sentence based upon aggravating or mitigating circumstances, its record

It thus appears that the factual basis hearing would have supported a conviction of actual delivery as a Class B felony under Count II. That fact, however, does not detract from the validity of the plea to an included offense under Count I. If, as Carlson stated, he actually delivered less than three grams to Underwood, such would necessarily carry with it the conclusion that he possessed less than three grams with intent to deliver it.

6. I.C. 35–38–1–7.1 (Burns Code Ed. Repl. 1998) describes the sentencing criteria to be considered by a court. The statute lists various aggravating and mitigating circumstances which may be considered. It was amended by Acts 1998, but the amendments did not

alter the relevant provisions of the statute as cited in this opinion. Moreover, they did not become effective until July 1, 1998, after Carlson was sentenced in the instant case.

7. The mitigating factors included: (1) by pleading guilty, Carlson accepted responsibility for his actions; (2) Carlson was under "some measure of provocation," because Carlson was involved in a relationship with the confidential informant to whom the defendant delivered cocaine; and (3) incarceration of Carlson, who ran his own business, would have an adverse effect on the defendant's employees and their families, placing them "in a certain amount of jeopardy." Record at 382.

must include a statement of the court's reasons for the sentence. In order to explain the reasoning and logic underlying its sentence, a sentencing statement should (a) identify all significant mitigating and aggravating circumstances found, (b) specify the facts and reasons which lead the court to find the existence of each circumstance, and (c) demonstrate that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence."

Improper use of an aggravator will not necessarily invalidate a sentence where other valid aggravating circumstances are found. *Angle v. State* (1998) Ind.App., 698 N.E.2d 356, 361.

## I. *Cocaine Evidence*

Carlson asserts that the trial court improperly considered as an aggravating factor circumstances of the charge of Dealing in Cocaine as a Class A felony, because such charge was dismissed pursuant to the plea agreement. While it was Count II which was dismissed and Carlson pleaded guilty to the included offense of Count I, we agree that the trial court should not have considered evidence of the large amount of cocaine which police found in the defendant's possession and which would have justified a Class A felony conviction. *Conwell v. State* (1989) Ind.App., 542 N.E.2d 1024 guides our decision. In *Conwell,* the defendant was charged with Burglary, a Class B felony. He was thereafter sentenced to eight years of imprisonment upon pleading guilty to Burglary, a Class C felony. The presumptive sentence for a Class C felony was five years, with up to three years added for aggravating circumstances. The trial court had noted the mitigating circumstance that the defendant lacked a prior criminal record. As an aggravating circumstance, the trial court pointed out that the defendant had broken into someone's home.

Upon appeal, the defendant in *Conwell* claimed that the trial court could not

properly use the fact that he had broken into a dwelling as an aggravating circumstance. The burglary statute provided, "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony ... if the building or structure is a dwelling." I.C. 35–43–2–1 (Burns Code Ed. Repl.1998). In vacating the defendant's sentence, we ruled:

"[W]hen a defendant pleads guilty to an included offense, the element(s) distinguishing it from the greater offense— here, that the building or structure was a dwelling—may not be used as an aggravating circumstance to enhance the sentence. The trial court is entitled to refuse to accept the plea to the included offense, but it may not attempt to sentence as if the defendant had pled to the greater offense by using the distinguishing element(s) as an aggravating factor."

*Conwell, supra,* 542 N.E.2d at 1025 (relying upon *Hammons v. State* (1986) Ind., 493 N.E.2d 1250, *opinion on denial of rehearing,* 496 N.E.2d 1284). We further found invalid the trial court's conclusion that the mitigating circumstance was outweighed by the improper aggravating circumstance, concluding that "resentencing is mandated." *Id.* at 1026; *see also Miller v. State* (1999) Ind.App., 709 N.E.2d 48, 50 (determining that trial court improperly considered as aggravating factors facts surrounding defendant's subsequent arrest, where charges related thereto had been dismissed pursuant to a plea agreement and where the facts involved in the subsequent arrest had neither been proved nor admitted by defendant).

In the instant case, the trial court cites as an aggravating factor the fact that Carlson possessed thirty-three and one-half grams of pure cocaine at the time of his arrest. Dealing in three grams or more of cocaine is an element of Dealing in Co-

caine, a Class A felony.[8] The State and Carlson agreed that the defendant would only plea guilty to the included offense. We find that, pursuant to *Conwell, supra,* the distinguishing element, i.e. the amount of cocaine in Carlson's possession equaling three grams or more, could not be properly used as an aggravating factor with which to enhance the defendant's sentence. The trial court was not obligated to accept his guilty plea. It could not circumvent the plea agreement by sentencing defendant using the distinguishing element as an aggravator.[9] Thus, we conclude that the trial court erred in considering as an aggravator evidence of the amount of cocaine possessed by Carlson at the time of his arrest.[10]

## II. *Prior Misdemeanor Conviction*

■ Carlson contends that the trial court improperly considered his conviction in 1987 for Possession of Cocaine, a Class A misdemeanor, as an aggravating circumstance. We initially note that I.C. 35–38–1–7.1(b)(2) (Burns Code Ed. Repl.1998) allows the trial court to consider as an aggravator that "[t]he person has a history of criminal or delinquent activity." "This language does not limit the court's consideration to prior felony convictions but allows courts to consider misdemeanors and other prior criminal activity which has not

been reduced to a conviction but which does indicate a prior criminal history." *Hoelscher v. State* (1984) Ind., 465 N.E.2d 715, 717 (citations omitted). Carlson does not assert, nor could he legitimately do so, that the court was not permitted whatsoever to consider the prior conviction.

Instead, according to Carlson, "the remoteness of the conviction should have been taken into account." Appellant's Brief at 13. To support his position, he cites *Harris v. State* (1979) 272 Ind. 210, 396 N.E.2d 674, 677, *reh'g denied,* where our Supreme Court observed, "[o]bviously remoteness in time [of a 1949 robbery conviction] should be taken into account, but we will not say remoteness in time, to whatever degree, renders a prior conviction irrelevant." The Court also has observed, "[w]here a defendant seeks to diminish the relevance of a criminal record by emphasizing its remoteness or nonviolent character, neither factor precludes the trial court from using such prior convictions as aggravating circumstances." *Bowling v. State* (1986) Ind., 493 N.E.2d 783, 787 (citing *Perry v. State* (1983) Ind., 447 N.E.2d 599, 600).

■ We agree that the trial court should have considered the remoteness of

**8.** I.C. 35–48–4–1(b)(1) (Burns Code Ed. Repl. 1998).

**9.** Carlson was sentenced to a total of twelve years incarceration. This is consistent with I.C. 35–50–2–5 (Burns Code Ed. Repl.1998), which states that the presumed sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. Thus, the trial court apparently did not attempt to sentence Carlson to a term of imprisonment equivalent to that for a Class A felony, which calls for a sentence of not less than twenty years under I.C. 35–50–2–4 (Burns Code Ed. Repl.1998). Nevertheless, we cannot say that use of the improper aggravator was not a manifest abuse of the trial court's discretion, when considering our decision as to Parts II and III, *infra,* without first allowing the trial court to reweigh the proper aggravating and mitigating circumstances.

**10.** Carlson further asserts that the trial court's first listed aggravating circumstance is invalid because it appears to make delivery of cocaine to strangers a more serious crime than delivery to mere friends. Because we find that reference to the large amount of cocaine was improper, we decline to address Carlson's alternative argument. Furthermore, our decision today does not address whether the trial court could properly have considered Carlson's possession of the grinder, screens and scale pursuant to I.C. 35–38–1–7.1(a)(2), which requires the court to consider "the nature and circumstances of the crime committed" in determining a sentence. However, we do note that, while the court must consider the "circumstances of the crime," such circumstances are not per se an aggravating circumstance, as specifically contemplated under I.C. 35–38–1–7.1(b).

Carlson's prior conviction in 1987. However, we cannot state with certainty that the trial court failed to do so. The trial court indicated in the sentencing order that it had "fully reviewed" the pre-sentence report filed by the probation office. Record at 381. According to the pre-sentence report, Carlson pleaded guilty to possession of cocaine on October 27, 1987, a date approximately ten years and five months prior to his sentence in the instant case on March 16, 1998. In the pre-sentence report, Carlson reported that he had continued to use cocaine while on probation and that a revocation petition had been filed because he had tested positive for cocaine, although the petition was dismissed after he spent twenty-eight days in a treatment center. He admitted to having used cocaine one and one-half years after his treatment, that his cocaine use started increasing in 1992 and that he continued using cocaine following his arrest in 1995 for the instant offense. He further indicated that he had used cocaine approximately three months prior to his interview for the pre-sentence report, which was ordered by the trial court on January 12, 1998, and filed with the court on February 10, 1998.

In its sentencing order, the trial court afforded "great significance" to Carlson's 1987 conviction. Record at 382. In his Appellate Brief, Carlson focuses on the date of his conviction and the fact that it was a misdemeanor offense. However, one could reasonably interpret the trial court's remarks as emphasizing the importance of the 1987 conviction as not just a prior conviction but as another *cocaine-related* conviction. Further, Carlson's admitted cocaine abuse, both related to the prior and to the instant offenses, stems well beyond his 1987 conviction. He apparently used cocaine, including while on probation, until at least 1997. The trial court likely refers to Carlson's on-going abuse in the second aggravating circum-

stance, where it writes, "[t]he first court proceeding made little or no impact on the Defendant as evidenced by this proceeding." Record at 381.

The trial court was permitted to consider Carlson's 1987 conviction as an aggravator. Although we cannot say that it did not give consideration to the remoteness of the prior conviction, it appears from the sentencing order that the prior conviction played an important role in the trial court's ultimate decision. We conclude that listing the conviction as an aggravating circumstance did not constitute error on the part of the trial court.

### III. *Correctional or Rehabilitative Treatment*

■ Carlson attacks the trial court's third aggravating factor as being no more than a mere "perfunctory recitation of an aggravating factor" without supporting explanation.[11] Appellant's Brief at 13. While the trial court attempted to elaborate upon this aggravator by referencing Carlson's 1987 conviction, we agree with Appellant that the trial court's explanation was not sufficient because it failed to reveal why it was necessary to sentence Carlson for two years more than the statutorily presumed term. The Indiana Supreme Court examined the need for such an explanation of this aggravator in *Mayberry v. State* (1996) Ind., 670 N.E.2d 1262, 1270–71, *reh'g denied,* where it stated:

> "There was, of course, no question but that defendant would be incarcerated in a penal facility; the issue here is whether the defendant should be incarcerated for more than the presumptive term. Thus, for this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that the defendant is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in

11. I.C. 35–38–1–7.1(b)(3) provides that the trial court may consider as an aggravating circumstance that, "[t]he person is in need of

correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility."

a penal facility in excess of the presumptive sentence term."

*See also Ridenour v. State* (1994) Ind.App., 639 N.E.2d 288, 297 ("To properly enhance [the defendant's] sentence by using [I.C. 35–38–1–7.1], the trial court must explain why [the defendant] is in need of *more* correctional treatment.") (emphasis in original). Ten years is the presumed term of incarceration for a Class B felony.[12] In the instant case, Carlson was sentenced to twelve years incarceration, albeit two years were suspended and he was ordered placed on probation for two years. Nevertheless, the trial court failed to explain why it was necessary to subject Carlson to the additional two years of treatment within a penal facility. Thus, the trial court improperly used this aggravator.[13]

We conclude that the trial court improperly considered aggravators numbers one and three of its sentencing order. The trial court was allowed to consider aggravator number two. Because the court did list three mitigating factors and because we are unable to determine the weight afforded by the trial court to the two improper aggravators, we are unable to ascertain whether Carlson's sentence constituted a manifest abuse of the trial court's discretion. Therefore, the instant case must be remanded in order to allow the trial court to reweigh the aggravating and mitigating circumstances.

The judgment is remanded for further proceedings consistent with this opinion.

RUCKER, J., and DARDEN, J., concur.

G.J., **Appellant–Defendant,**

v.

---

**12.** I.C. 35–50–2–5 (Burns Code Ed. Repl. 1998).

**13.** Carlson maintains that he "remained trouble free [from cocaine] for 10 years." Appellant's Brief at 14. However, in his pre-sentence report, Carlson informed the probation officer that, "[h]e feels that he does have an addiction to cocaine." Supp. Record at 6. In light of his admitted cocaine abuse, as discussed *supra*, Carlson's self-serving expression referencing a decade free of substance abuse seems at best disingenuous. Be that as it may, without elaboration, use of the third aggravator was improper.