Edward Dwayne ESTES, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 48S05–0505–CR–208.

Supreme Court of Indiana.

May 10, 2005.

David W. Stone, IV, Anderson, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Attorney for Appellee.

PER CURIAM.

Edward Dwayne Estes pleaded guilty to fourteen counts of child molesting and sexual misconduct with a minor, and one count of intimidation. The trial court sentenced him to 267 years in jail, which sentence was affirmed by the Indiana Court of Appeals in an unpublished decision. We revise the sentence to 120 years.

**Background**

Estes was charged with multiple counts of child molesting and sexual misconduct with a minor, and a single charge of intimidation, all arising out of a series of molestations of two victims over a period of years.[1] He soon pleaded guilty to fifteen counts. There was no plea agreement as to the sentence or the amount of jail time.

The trial court identified six aggravating circumstances, finding that Estes: had been in a position of trust with the victims; caused the victims extensive trauma; needed correctional and rehabilitative treatment; had committed multiple acts of molestation; had abused the two victims in multiple ways; and had physically abused others. As mitigating circumstances, the trial court considered Estes's expression of remorse, his minimal criminal history, and his guilty plea. The trial court rejected as mitigating circumstances Estes's own childhood abuse and his depression.

The trial court found the aggravating circumstances outweighed the mitigating circumstances. That court sentenced Estes to maximum enhanced terms for the Class A felonies and ordered five of those served consecutively. The trial court imposed presumptive sentences for the Class B and Class C felonies, and ordered some served consecutively. The trial court imposed the maximum enhanced sentence for the Class D intimidation felony and ordered that sentence served consecutively. The result was a sentence of 267 years in jail.[2]

On appeal, Estes argued the trial court had not properly balanced the aggravating and mitigating circumstances and the sentence was excessive, but the Court of Appeals affirmed in *Estes v. State,* 820 N.E.2d 180 (Ind.Ct.App., 2004). We grant Estes's petition to transfer jurisdiction of the case and review the sentence.

---

1. Ind.Code § 35–42–4–3 (child molesting); I.C. § 35–42–4–9 (sexual misconduct with a minor); I.C. § 35–45–2–1 (intimidation).

2. The record suggests some discrepancies between the felony classification of the offenses charged in the charging documents, the charges to which Estes pleaded guilty, the trial court's oral pronouncement of sentence, and the trial court's chronological case summary. For example, Count XVI was charged as a Class C felony and the chronological case summary reflects sentencing for that felony classification, but the trial court pronounced a sentence for a Class A felony. In addition, the Court of Appeals slip opinion states at page 7 that the trial court imposed the maximum enhanced sentences for a Class B felony and a Class C felony, but the record shows presumptive sentences were imposed. We need not address this, however, because both parties have stated in their respective appellate briefs that a sentence of 267 years was imposed.

## Discussion

Estes first argues the trial court improperly found and balanced mitigating and aggravating circumstances. Indiana's determinate sentencing scheme under which Estes was sentenced provided for a standard or "presumptive" sentence, from which the trial court could add or subtract time based on findings of aggravating or mitigating circumstances. *See Serino v. State,* 798 N.E.2d 852, 854 (Ind.2003).[3] Parts of this scheme were rendered unconstitutional by *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and its progeny. *See Smylie v. State,* 823 N.E.2d 679 (Ind.2005). We need not address Estes's arguments on this point, however, because the trial court might have imposed essentially the same 267 years of jail time by ordering other sentences served consecutively, *see* I.C. § 35–50–1–2, and a court's authority to order consecutive sentences was not affected by *Blakely. See Smylie,* 823 N.E.2d at 686.

▆ Subject to the legal parameters, sentencing determinations are generally within the discretion of the trial court. *Ruiz v. State,* 818 N.E.2d 927, 928 (Ind. 2004). Nonetheless, Article VII, Section 4 of the Indiana Constitution provides that "the Supreme Court shall have, in all appeals of criminal cases, the power to ... review and revise the sentence imposed." We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

▆ Estes committed the offenses against two victims, so at least one consecutive sentence is appropriate. *See Serino,* 798 N.E.2d at 857. But the 267–year sentence is well outside the typical range of sentences imposed for child molesting in reported Indiana decisions. *See Serino,* 798 N.E.2d at 857–58 (citing cases). There are mitigating circumstances. Estes had no substantial criminal history and he expressed remorse. His prompt admissions and guilty plea saved judicial resources and spared the victims from trial. *See, e.g., Ruiz,* 818 N.E.2d at 929; *Francis v. State,* 817 N.E.2d 235, 237–38 (Ind.2004).

We conclude that in light of the nature of the offense and the character of the offender, Estes's sentence should be revised to four consecutive standard terms for a Class A felony, a total of 120 years, and that the other sentences should be served concurrently. The trial court may select which sentences shall be served consecutively.

## Conclusion

We grant transfer, and remand with directions for the trial court to rearrange the sentence accordingly.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM and RUCKER, JJ., concur.

---

**3.** For example, the presumptive sentence for child molesting as a class A felony is thirty years, to which may be added as much as twenty years for aggravating circumstances or as much as ten years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–4. Similarly, the presumptive sentence for a Class B felony is ten years, with not more than ten years added and not more than four years subtracted, I.C. § 35–50–2–5; the presumptive sentence for a Class C felony is four years, with not more than four years added and not more than two years subtracted, I.C. § 35–50–2–6; and the presumptive sentence for a Class D felony is one and one-half years, with not more than one and one-half years added and not more than one year subtracted. I.C. § 35–50–2–7.