Justin T. **FREY**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 80A02–0504–CR–334.

Court of Appeals of Indiana.

Jan. 31, 2006.

Mark R. Regnier, Elwood, for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Justin T. Frey pled guilty to battery as a class B felony. Frey challenges the sentence imposed by the trial court. Specifically, Frey contends the trial court

erred in failing to find any mitigating factors.

We affirm.

The facts favorable to the judgment are that in July 2004, Frey was sleeping in a bedroom with his girlfriend, Lisa McGuire, and her three children. All were sleeping on the bed except McGuire's two-year-old daughter, D.M., who was sleeping on the floor next to the bed. At some point, D.M. asked to get on the bed with her mother. Frey told her she could not get on the bed, and D.M. began to fuss. Frey told the child to be quiet, but D.M. would not relent. Eventually, Frey put his foot on D.M.'s back (D.M. was apparently lying face down on the floor at the time) and exerted pressure equal to about one-fourth of his body weight for between three and ten seconds. D.M. continued to fuss, whereupon Frey exerted even more pressure on her back, this time equivalent to about half of his body weight, for a period of fifteen to twenty-five seconds. D.M. quieted down, and Frey went back to sleep. The next day, D.M. was taken to Riley Hospital for Children, where she was examined by Dr. Phillip Merk. Dr. Merk described her condition as follows:

[D.M.] is a 2 year old who presented to Riley Hospital for Children with a petechial rash over her forehead and face. Her other injuries include some bruising, and abrasion on her nose, and subconjunctival hemorrhages bilaterally. These injuries are consistent with non-accidental trauma, specifically suffocation and/or strangulation. Furthermore, [D.M.] could not have caused these injuries herself.

*Exhibits Binder*, State's Exhibit 1. Frey was questioned and admitted the acts occurred as set out above.

On July 30, 2004, Frey was charged with battery as a class B felony. On December 20, 2004, he entered into a plea agreement whereby he agreed to plead guilty as charged, in exchange for which the State agreed that the maximum sentence he could receive would be eight years, which is two years less than the presumptive for a class B felony conviction. The court established a factual basis and accepted the plea. On March 28, 2005, the court conducted a sentencing hearing. At the hearing, the court stated, "the State has already conceded two years of the presumptive sentence through negotiations with your attorney, and so the Court does not need today to find either aggravating or mitigating factors because those factors have already been considered by the attorneys." *Transcript* at 26–27. The court proceeded to discuss what clearly were sentencing considerations, without designating them as aggravating or mitigating factors. That discussion was as follows:

I look at the picture of [D.M.] and see a beautiful little girl, two years old on the day that this happened, and I wonder, despite all the pressure that I know that a parent has when a child misbehaves and cries and as frustrating as it can be, I wonder how anyone could mistreat a little girl like [D.M.], like any little girl regardless of what she looks like. But this beautiful little girl, to do what you did to her on that day is just inconceivable to me. It is more than just a bad decision on your part on that day. And it is an act that you made that will have to be dealt with and paid for not only in this court but through your own conscience and through the way that you choose to live the rest of your life. There's allegation here, what [the prosecutor] said, that perhaps there were other incidents or at least one other possible incident that you were involved in where you made an improper decision concerning a child. I don't know very much about that and I'm not relying on

that for my decision today. I'm only relying on what I know and that is what you've admitted to me and what the case report in this case says. So I hope that you can find it within yourself to work on whatever you need to work on in terms of when you do find your freedom, that you will be able to make better decisions for yourself for those around you, for the family, and for those whose care is entrusted to you.

But for today, the Court does find that the agreed upon sentence of eight years is appropriate and the Court does impose a sentence of eight years in prison.

*Id.* at 27–28. Frey challenges the failure to find mitigating circumstances.

■ Subject to certain legal parameters, sentencing determinations are generally committed to the trial court's discretion. *Estes v. State,* 827 N.E.2d 27 (Ind. 2005). That is true also with respect to the finding of mitigating factors. *Id.* A trial court is not obligated to weigh or credit mitigating factors in the manner a defendant suggests. Nevertheless, if it fails to find a mitigator clearly supported by the record, a reasonable belief arises that the mitigator was improperly overlooked. *Id.*

■ When a trial court finds aggravating or mitigating circumstances, it must make a statement of its reasons for selecting the sentence imposed. *Gasper v. State,* 833 N.E.2d 1036 (Ind.Ct.App.2005), *trans. denied;* I.C. § 35–38–1–3. The trial court need not set forth its reasons, however, when imposing the presumptive sentence. *Gasper v. State,* 833 N.E.2d 1036. Therefore, if the trial court does not find any aggravators or mitigators and imposes the presumptive sentence, then the trial court does not need to set forth its reasons for imposing the presumptive sentence. *Id.* Yet, if the trial court finds aggravators

and mitigators, concludes they balance, and imposes the presumptive sentence, then, pursuant to I.C. § 35–38–1–3, the trial court must provide a statement of its reasons for imposing the presumptive sentence. We are confronted here, however, with a situation that does not fit squarely within any of the foregoing categories.

■ In this case, the trial court imposed a *reduced* sentence (albeit one that was the maximum it could impose under the plea agreement), but did not identify aggravating and mitigating factors. On the other hand, it did discuss certain considerations that might be viewed as the functional equivalent of aggravating and mitigating factors. What rules apply in this circumstance? More specifically, was the trial court required to explain its decision to impose the reduced sentence? We conclude that it was. The above-cited authority demonstrates that the duty to explain sentences, including the identification of aggravating and mitigating factors, is triggered in every instance *except* when the trial court imposes the presumptive sentence without explaining its decision. The trial court here did not impose the presumptive. Thus, it was required to explain its decision. It did explain the decision, but in the process did not specifically identify aggravating and mitigating circumstances. This was error.

Having determined the trial court erred in failing to explain the imposition of a sentence that was other than the presumptive, and in the process to identify aggravating and mitigating circumstances, we can either remand to the trial court for resentencing or undertake the task of determining the appropriate sentence ourselves. Because the appellate appendix and the transcript of the sentencing hearing contain materials sufficient for the task, we opt for the latter.

■ Frey contends the record supports a finding of three mitigating factors: (1) the fact that his "only prior criminal offense was a misdemeanor marijuana conviction which occurred approximately six (6) years prior to the offense date in this instant case"; (2) that he confessed, pled guilty, and accepted responsibility for his actions, and (3) he expressed remorse. Frey cites *Carlson v. State*, 716 N.E.2d 469 (Ind.Ct.App.1999) as authority for the proposition that "[t]he remoteness of this prior conviction should be considered by the court and construed in Frey's favor." *Appellant's Brief* at 5. We do not read *Carlson* as supporting that assertion. In that case, we discussed the remoteness of an offense as a factor supporting a finding that criminal history was an aggravating circumstance. We concluded that the remoteness of a prior conviction may be considered in deciding whether a prior offense could be a valid aggravator. We noted, however, "[w]here a defendant seeks to diminish the relevance of a criminal record by emphasizing its remoteness or nonviolent character, neither factor precludes the trial court from using such prior convictions as aggravating circumstances." *Carlson v. State*, 716 N.E.2d at 473 (quoting *Bowling v. State*, 493 N.E.2d 783, 787 (Ind.1986)). Thus, *Carlson* teaches that remoteness in time must be considered, but that it may or may not support a finding of a criminal history consisting of that offense as an aggravator. More specifically, it does not support the proposition that a six-year-old conviction must be considered a *mitigating* factor. *See Robinson v. State*, 775 N.E.2d 316 (Ind.2002). We note also that Frey admitted he had been the subject of another abuse allegation with respect to the youngest of McGuire's children, six-month-old J.M. At the time this appeal was filed, Frey had submitted to genetic testing to determine whether he was J.M.'s biological father.

During that abuse investigation, Frey admitted he had injured J.M. earlier in 2004 by "ramming a baby bottle into his mouth too hard." *Transcript* at 13. Considering all of the above, we reject Frey's contention that his history of criminal behavior should be considered a mitigating circumstance.

■ Frey went to the police voluntarily after the incident had been reported, and he admitted what he had done. This is a valid mitigating circumstance. *Cotto v. State*, 829 N.E.2d 520 (Ind.2005). Frey also pled guilty. The weight attributable to these actions is in the medium to high range.

Finally, Frey expressed remorse. This is a valid mitigating circumstance. *Estes v. State*, 827 N.E.2d 27. In this case, the sincerity of Frey's expression of remorse is tempered by the observation of the probation officer in Frey's presentence report that, "during the interview with the defendant, this officer feels that the defendant does not really understand the seriousness of his actions." *Appellant's Appendix* at 16. This mitigator is entitled to low weight.

■ We find that the record supports the finding of two aggravating circumstances: (1) the extreme youth of the victim and the fact that Frey occupied a position of trust with her, *see Devries v. State*, 833 N.E.2d 511 (Ind.Ct.App.2005), *trans. denied*, and (2) the particularized circumstances of the offense. *See Henderson v. State*, 769 N.E.2d 172 (Ind. 2002). With respect to the former, D.M. was two years old when the incident occurred, and Frey admitted his role with the victim as one where he had "been acting as her father and trying to raise her[.]" *Transcript* at 6. We find this aggravator to be of medium to high weight. Concerning the latter, Frey twice crushed

the small victim against the floor with his foot with such force that it caused injuries consistent with suffocation and strangulation. We find this aggravator to be in the medium to high range.

We find that the aggravating circumstances outweigh the mitigating circumstances. Accordingly, we reach the same conclusion as the trial court with respect to the sentence that is appropriate in light of Frey's character and the nature of the offense he committed. *See Neale v. State*, 826 N.E.2d 635 (Ind.2005). Frey is sentenced to eight years incarceration, which, although the maximum allowable under the plea agreement, we note is nevertheless less than the presumptive sentence for a class B felony.

Judgment affirmed.

SULLIVAN, J., concurring with separate opinion.

VAIDIK, J., concurring in part, dissenting in part with separate opinion.

SULLIVAN, Judge, concurring.

In this case the mitigated sentence was not imposed because the trial court concluded that mitigating circumstances outweighed any aggravating circumstances found. Had it been the case, the trial court would have been required to articulate the reasons for giving less than the presumptive sentence. I.C. § 35–38–1–3; *Allen v. State,* 722 N.E.2d 1246 (Ind.Ct. App.2000); *Battles v. State,* 688 N.E.2d 1230 (Ind.1997). Rather, the mitigated sentence in this case was imposed pursuant to a plea agreement under which the maximum sentence permissible would be eight years. The sentence of eight years was within the range agreed to by the State. This fact, however, does not preclude Frey from arguing that the sentence should have been less than the eight years imposed.

Frey did not agree that an eight-year sentence was to be imposed. Rather, he agreed that the sentence would be *no more* than eight years. The plea agreement left the door open for Frey to seek less than the eight years agreed to by the State. He is therefore not precluded from making his argument that the trial court erred in imposing the maximum sentence permitted under the plea agreement. *See Wilkie v. State,* 813 N.E.2d 794, 803 (Ind. Ct.App.2004), *trans. denied.*

It is the fact that the trial court was at liberty to impose a sentence of no fewer than six years, the minimum permissible for a Class B felony, but no more than eight years pursuant to the plea agreement. Given that less than eight years was permissible, I am in agreement that in this case the trial court was obligated to state its reasons for imposing the full permissible eight years. In doing so, it stands to reason that the court would have had to consider factors in mitigation and to state why those factors, if any were found to exist, did not warrant reduction of the maximum eight-year sentence agreed to by the State.

I concede that it seems somewhat incongruous to hold that if a trial court imposes a presumptive sentence it is not required to state reasons for doing so and more particularly that such court is not required to articulate why mitigators proffered by the defendant are not accepted, or if accepted do not outweigh aggravators, while requiring a court which imposes more than the minimum sentence permitted under statute to articulate why the minimum sentence is not being imposed. Nevertheless, I perceive such state of affairs to have been the law of Indiana at the time of this sentencing. For this reason I agree with the lead opinion by Judge Friedlander requiring the duty to identify aggravating and mitigating circumstances "in every in-

stance *except* when the trial court imposes the presumptive sentence .... " (Op. at 234 (emphasis in original)).

However, I part company with the lead opinion in its suggestion that if the trial court gratuitously explains its decision to impose the presumptive sentence it must also go further and articulate aggravating and mitigating circumstances. Op. at 235. The opinion carries the message that a trial court may avoid a statement of reasons and enumeration of aggravators and mitigators *only* if the court remains absolutely silent except to impose the presumptive sentence.

Here, the court did enunciate a justification for imposing the eight-year sentence, and I agree with the lead opinion that such justifying statement by the trial court was "the functional equivalent of aggravating and mitigating factors." Op. at 234. I further agree that such justifying statement falls short of an adequate articulation of aggravators and mitigators.

Nevertheless, I concur in the analysis of the lead opinion as to the existence and relative weight to be given to the aggravators and mitigators reflected in the record. I further agree that such analysis does not lead to a conclusion that the sentence should have been less than the eight years imposed. For this reason I concur in the determination which affirms the sentence of eight years.

VAIDIK, Judge, concurring in part, dissenting in part.

Although I agree with the lead opinion by Judge Friedlander that a trial court must identify aggravating and mitigating circumstances "in every instance *except* when the trial court imposes the presumptive sentence without explaining its decision," op. at 234, I disagree with the lead opinion that because the trial court failed to identify aggravators and mitigators here, we should "undertake the task of determining the appropriate sentence ourselves" as opposed to remanding the case for the trial court to do so. *Id.* Therefore, I concur in part and dissent in part.

The task of identifying aggravating and mitigating circumstances is a matter best entrusted to our trial courts and juries and not to us. *See* Ind.Code § 35–38–1–7.1; *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This is so because the identification of aggravating and mitigating factors often depends on credibility determinations. And trial courts and juries are in a better position to judge the credibility of the evidence as they view the evidence first-hand. Our task, then, is to review the findings of aggravators and mitigators for an abuse of discretion only after the findings are made. Admittedly Indiana Appellate Rule 7(B) authorizes appellate courts to revise sentences, but that function should not give us a green light to identify aggravators and mitigators in the first place. In other words, our authority to revise sentences does not mean that when a trial court fails to identify aggravators and mitigators, we should do that for them. I therefore disagree with the lead opinion's decision to identify and weigh the aggravators and mitigators in this case. Instead, I would remand the case for the trial court to do so.