**Kevin L. BURGESS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 18A04–0510–CR–714.**

Court of Appeals of Indiana.

Sept. 18, 2006.

L. Ross Rowland, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Pekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Kevin Burgess, appeals his sentence following a guilty plea to Dealing in Methamphetamine as a Class A felony,[1] for which he received the presumptive[2] thirty-year sentence. Upon appeal, Burgess claims the trial court erred upon sentencing him by improperly identifying,

---

1. Ind.Code § 35–48–4–1(a)(1), (b)(3) (Burns Code Ed. Repl.2004). We recognize that the entirety of § 35–48–4–1 is named "Dealing ..." in spite of the fact that one may be convicted under the statute for manufacturing a named substance, whether or not the person actually engages in "dealing" the substance to another person.

2. The amended version of Ind.Code § 35–50–2–4 (Burns Code Ed. Supp.2006) references the "advisory sentence," reflecting the April 25, 2005 changes made to the Indiana sentencing statutes in response to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied.* Since Burgess committed the crime in question on December 16, 2004, before the effective date of the amendments, we apply the version of the statute then in effect and refer instead to the presumptive sentence. *See* Ind.Code § 35–50–2–4 (Burns Code Ed. Repl.2004).

weighing, and evaluating the mitigating and aggravating circumstances.

We affirm.

According to the factual basis entered at the time of the September 28, 2005 plea hearing, on December 16, 2004, Burgess was living at 405 South Hutchinson, Muncie, within 1000 feet of St. Mary's Catholic School. Beginning some time in early 2004, Burgess had an acquaintance named Earl who gave him methamphetamine and later began selling it to him. In November of that year, Earl brought some chemicals to Burgess's house, and proceeded to show Burgess how to manufacture the methamphetamine. Burgess then manufactured methamphetamine. According to Burgess, he did not sell the methamphetamine, and Earl would take ninety percent of it for his own purposes. At some point the State Police [3] came to Burgess's house. Inside, they found coffee filters, Sudafed, and iodine, which Burgess admitted were ingredients in the "red phosphorus" method of manufacturing methamphetamine. Burgess testified that he manufactured the methamphetamine with full knowledge of what he was doing, and that he realized it was illegal.

The State charged Burgess with dealing in methamphetamine, possession of chemical reagents or precursors with intent to manufacture, maintaining a common nuisance, and neglect of a dependent. On September 21, 2005, Burgess entered into a plea agreement whereby he agreed to plead guilty to dealing in methamphetamine, the State agreed to dismiss the other three charges, and the parties agreed that Burgess's sentence would be left to the discretion of the trial court but have a cap of thirty years. Following his guilty plea, the court sentenced Burgess on November 16, 2005 to thirty years executed with the Department of Correction. Burgess filed this appeal on December 15, 2005.

Upon appeal, Burgess argues his sentence was erroneous because the trial court failed properly to identify, weigh, and evaluate the mitigating and aggravating circumstances upon sentencing him.[4]

 Sentencing determinations, including whether to adjust the presumptive sentence, are within the discretion of the trial court. *Ruiz v. State*, 818 N.E.2d 927, 928 (Ind.2004). If a trial court relies on aggravating or mitigating circumstances to modify the presumptive sentence, it must do the following: (1) identify all significant aggravating and mitigating circumstances; (2) explain why each circumstance is aggravating or mitigating; and (3) articulate

---

3. Burgess indicated he did not know which police agency came to his home but did not object to their characterization as "State Police" or a "police agency." Tr. at 10.

4. While the closing line of Burgess's brief mentions that his sentence is "inappropriate," he does not contest his sentence upon Indiana Appellate Rule 7(B) grounds. Indeed, in arguing his challenge to the court's weighing of aggravators and mitigators, he cites *Eaton v. State*, 825 N.E.2d 1287, 1289–90 (Ind.Ct.App.2005), wherein the court found the defendant was erroneously sentenced due to a faulty weighing of aggravators and mitigators. The *Eaton* court specifically distinguished its finding of an erroneous sentence from an "inappropriate sentence," which the *Eaton* court did not address, having found the defendant waived such challenge. *Id.* We note that the grounds upon which the *Eaton* court determined the defendant had waived his challenge to the "appropriateness" of the sentence have since been overturned. *See Childress v. State*, 848 N.E.2d 1073, 1079–80 (Ind.2006). We nevertheless find it unnecessary to conduct a Rule 7(B) analysis regarding the appropriateness of Burgess's sentence because such claim is not before us upon appeal. *See* Ind. Appellate Rule 46(A)(8).

the evaluation and balancing of the circumstances. *Id.*

■■■■ When a trial court finds aggravating or mitigating circumstances, it must make a statement of its reasons for selecting the sentence imposed. *Frey v. State*, 841 N.E.2d 231, 234 (Ind.Ct.App.2006). The trial court need not set forth its reasons, however, when imposing the presumptive sentence. *Id.* Therefore, if the trial court does not find any aggravators or mitigators and imposes the presumptive sentence, the trial court does not need to set forth its reasons for imposing the presumptive sentence. *Id.* Yet, if the trial court finds aggravators and mitigators, concludes they balance, and imposes the presumptive sentence, then, pursuant to Indiana Code § 35–38–1–3 (Burns Code Ed. Repl.2004), the trial court must provide a statement of its reasons for imposing the presumptive sentence. *Id.*

■■■■ When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and the trial court is not required to explain why it does not find the proffered factors to be mitigating. *Stout v. State*, 834 N.E.2d 707, 710 (Ind.Ct. App.2005), *trans. denied.* The trial court is not required to give the same weight as the defendant does to mitigating evidence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind.1993). A single aggravating circumstance may be sufficient to justify an enhanced sentence. *McNew v. State*, 822 N.E.2d 1078, 1082 (Ind.Ct.App.2005). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Matshazi v. State*, 804 N.E.2d 1232, 1239 (Ind.Ct.App. 2004), *trans. denied.* Further, a trial court is not required to include within the record a statement that it considered all proffered mitigating circumstances, only those that it considered significant. *Id.*

In its sentencing order the court gave the following justifications for imposing the presumptive thirty-year sentence:

"Mitigating Circumstances:

1. The defendant is remorseful.

Aggravating Circumstances:

1. The defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment of the defendant to a penal facility.

a) The risk that the defendant will commit another crime.

2. Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

a) The facts of the crime are particularly heinous (allowing the dangerous manufacture of methamphetamine in a residence housing his 3 year old son and the child's mother).

b) The crime was designed to affect and gravely endanger the public (was committed within 1000 feet of an elementary school).

c) The crime was directed at the public at large.

The Court, having considered all factors as made mandatory by Statute, now finds that the aggravating circumstances outweigh the mitigating circumstances warranting some increase in the sentence to be imposed." App. at 137–38.

In contesting his sentence, Burgess argues that the trial court improperly overlooked the following five mitigators: (1) the crime neither caused nor threatened serious harm to any person or property; (2) Burgess, as the only "victim" of his own crime, induced or facilitated his own offense because he never sold or gave the methamphetamine away; (3) substantial

grounds, specifically Burgess's addiction, tend to excuse or justify the crime; (4) Burgess's lack of criminal history; and (5) imprisonment will result in undue hardship to Burgess's family, including his three-year old son whom he was supporting.

■■ As to the above claimed mitigators, with the exception of Burgess's lack of criminal history, Burgess did not argue them before the trial court during the sentencing hearing. We therefore deem them waived and decline to address them for the first time upon appeal. *See Pennington v. State,* 821 N.E.2d 899, 905 (Ind.Ct.App.2005) (defendant's failure to raise proposed mitigators at sentencing precludes his raising them for the first time upon appeal).

Burgess further argues, in claiming he received an erroneous sentence, that the trial court used no reasoning to support its conclusion that he was at risk to commit another crime, and that therefore the court's consideration of this factor was erroneous. Burgess claims that his lack of a criminal history shows to the contrary that he would not be likely to commit another crime. In fact, the trial court stated the following during sentencing, supporting its conclusion that Burgess was at risk to re-offend:

> "You're hooked. You're hooked bad. You'd do anything for it. You put these people in risk. You put yourself at risk. You put the whole town at risk to do it. I understand it takes two or three years to get that out of your system so that it's not there, and I have no doubt that you don't want to do it now, but if I

release you tomorrow, you may be on it again the next day. It's highly addictive." Tr. at 46–47.

■■ Our Supreme Court has characterized a trial court's assessment of a defendant's risk to re-offend as a statement by the court describing the moral or penal weight of actual facts. *Haas v. State,* 849 N.E.2d 550, 553 (Ind.2006). Burgess, by his own testimony, admitted his addiction to methamphetamine. (Tr. 29) Indeed, his letters to the court contained in the PSI underscore the seriousness of his addiction. (App.129–34) As the trial court found, the fact of Burgess's addiction is evidence of his propensity to re-offend. We therefore conclude, in light of the evidence of Burgess's addiction, that the trial court properly considered Burgess's risk to re-offend and attributed to it such moral or penal weight as to merit the presumptive sentence rather than a reduced or suspended sentence.[5]

Burgess further challenges the trial court's consideration that the imposition of a reduced sentence or suspension of such sentence would depreciate the seriousness of the crime. Burgess claims that the court justified his sentence with facts which were already elements of the offense itself, which Burgess claims was improper. The State, quoting from *Montgomery v. State,* 694 N.E.2d 1137, 1142 (Ind.1998), argues that, "[A] finding that a lesser sentence would depreciate the seriousness of the crime has application only when considering imposition of a sentence of shorter duration than the presumptive sentence,

5. We note that in *Haas,* 849 N.E.2d at 553, our Supreme Court held, with respect to a trial court's assessment of the defendant's risk to re-offend, that such risk may not serve as an aggravator if the underlying facts upon which it is based, e.g., the defendant's criminal history, also serve as an aggravator. Here, we have no such problem because the trial court's assessment of Burgess's risk to re-offend was based upon his addiction to methamphetamine, which was neither a separate aggravator nor did it serve as support for a separate aggravator. We also note that *Haas* addressed aggravators and mitigators in the *Blakely* context. Burgess's claims, in contrast, are not *Blakely* claims.

not when enhancing a sentence."[6] Here, the plea agreement provided for a cap of the presumptive thirty-year sentence for an A felony, so the trial court, in considering this factor, could only have been using it to consider imposing a sentence of shorter duration than the presumptive sentence. In that respect, it was proper for the court to consider this factor.

 However, as the defendant argues, in supporting its consideration of the "depreciate the seriousness" factor, the trial court considered the nature and circumstances of the crime, including the fact that it occurred within 1000 feet of an elementary school, a fact which constituted an element of the crime at issue. A trial court may not use a factor constituting a material element of an offense as an aggravating circumstance. *Henderson v. State*, 769 N.E.2d 172, 180 (Ind.2002). The trial court also supported this factor with the facts that (1) the circumstances of the crime were particularly heinous in that Burgess manufactured methamphetamine

in the same house where his three-year-old son and the son's mother lived; and (2) the crime was directed at the public at large. During sentencing the court spoke at length about the danger which the manufacture of methamphetamine posed to the public, including to the neighbors in the vicinity of the methamphetamine lab, the police who discover it, the firemen who often have to put out its fires, and the individuals later affected by its toxic waste. While the problems and risks of methamphetamine are unquestionably great, the trial court gave no reasoning to indicate that Burgess's offense created a greater risk to the public at large than any other manufacture of methamphetamine would create. Because such risk has already been factored into the crime, and no evidence supports the conclusion that this crime posed a greater risk than any other manufacture of methamphetamine would, we are unable to approve of such fact to support the court's refusal to reduce or

---

**6.** It should be noted the current state of the law with regard to the use of this aggravating factor is less than crystal clear. Our Supreme Court has held that the "depreciating the seriousness of the crime" aggravating circumstance may be spoken of in two different ways. *Ajabu v. State*, 722 N.E.2d 339, 343 (Ind.2000). One is that the imposition of a *reduced* sentence would depreciate the seriousness of the crime. *Id.* (emphasis in original). A trial court may not enhance a sentence upon this ground, but may only rely upon this factor to refuse to impose a sentence less than the presumptive. *Id.* The second is that a sentence less than the *enhanced* sentence would depreciate the seriousness of the crime. *Id.* (emphasis supplied; emphasis in original). It is proper for the trial court to rely upon this second factor to support an enhancement. *Id.*

However, two months after deciding *Ajabu*, in another unanimous decision, *Price v. State*, 725 N.E.2d 82, 85 (Ind.2000), the Supreme Court found meritorious appellant's argument that the "depreciating the seriousness of the crime" aggravator is "only appropriate when

the trial court is considering imposing a sentence lower than the presumptive sentence...." In doing so, but without distinguishing *Ajabu*, the court relied upon *Garrett v. State*, 714 N.E.2d 618, 622 (Ind.1999), holding that the "depreciating the seriousness of the crime" aggravator "may not enhance a sentence," and *Sweeney v. State*, 704 N.E.2d 86, 109 (Ind.1998), holding that "[t]his factor may not be used ... as the basis for enhancing a sentence."

Although the various case law pronouncements appear to be in conflict, they arguably might be reconciled by reaching the conclusion that a trial court may appropriately state that it considered only whether to impose the presumptive or an enhanced sentence and that imposing any sentence less than the enhanced sentence would depreciate the seriousness of the crime. However, the trial court must so state with great clarity and specificity. Otherwise, the trial court may not appropriately allude to that factor as a generalized basis for imposing an enhanced sentence.

suspend part of Burgess's sentence. But the fact that Burgess was manufacturing the methamphetamine in the same house where his three-year-old son lived does support the court's consideration of this factor in refusing to reduce or suspend Burgess's sentence. We conclude, with respect to the "depreciate the seriousness" factor, insofar as the court considered the fact that Burgess's three-year-old son was present, it did not err in using this factor to justify its refusal to reduce or suspend part of Burgess's sentence.

■ In sum, we conclude the trial court did not err in imposing the full thirty-year presumptive sentence to which Burgess agreed in his plea agreement. The court, in declining to reduce or suspend part of such sentence, did not err in considering that Burgess was an addict and was at risk to re-offend and further, that under the circumstances of the crime, specifically that Burgess's three-year-old son was present, reducing or suspending the presumptive sentence would depreciate the seriousness of the crime.

The decision of the trial court is affirmed.

BAKER, J., and MAY, J., concur.