**Timothy Lee SWAIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0612–CR–1107.**

Court of Appeals of Indiana.

July 31, 2007.

---

David W. Stone, IV, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Timothy Lee Swain appeals the fifteen-year sentence he received after pleading guilty to dealing in cocaine, a Class B felony,[1] and possession of a controlled substance, a Class D felony.[2]  We affirm.

■■ Swain argues the trial court should not have considered the amount of cocaine in his possession an aggravating circumstance, as "[i]t is improper to rely on the element of a higher offense which is dismissed or not filed in exchange for a guilty plea to a lesser charge."  (Br. of Appellant at 3.) He is correct.

In *Conwell v. State*, 542 N.E.2d 1024, 1025 (Ind.Ct.App.1989), we explained why a sentence cannot be enhanced based on facts that distinguish a lesser offense the State agrees to accept in exchange for a

---

**1.** Ind.Code § 35–48–4–1(a)(1).

**2.** Ind.Code § 35–48–4–7(a).

guilty plea from the more serious offense with which the State originally charged the defendant:

> In *Hammons v. State*, 493 N.E.2d 1250 (Ind.1986) [*reh'g denied* 496 N.E.2d 1284], our supreme court held that a trial court may not impose the maximum sentence for an offense to compensate for what the trial court regards as the jury's error in failing to find the defendant guilty of the greater offense with which he was charged. Though Conwell's conviction of the lesser offense resulted from a guilty plea rather than a jury verdict, we view the logic of *Hammons* to be controlling. Therefore, when a defendant pleads guilty to an included offense, [burglary as a Class C felony] the element(s) distinguishing it from the greater offense [burglary as a Class B, felony]—here, that the building or structure was a dwelling—may not be used as an aggravating circumstance to enhance the sentence. The trial court is entitled to refuse to accept the plea to the included offense, but it may not attempt to sentence as if the defendant had pled to the greater offense by using the distinguishing element(s) as an aggravating factor.

We applied the same reasoning more recently in *Carlson v. State*, 716 N.E.2d 469, 472 (Ind.Ct.App.1999). Carlson agreed to plead guilty to dealing cocaine as a Class B felony. He was sentenced to a term longer than the presumptive, with the trial court citing as an aggravating factor that Carlson possessed thirty-three-and-one-half grams of cocaine at the time of his arrest. Possession of that amount of cocaine could have subjected him to a Class A felony charge. We found the element that distinguished the Class A and Class B felonies,

> *i.e.* the amount of cocaine in Carlson's possession equaling three grams or more, could not be properly used as an aggravating factor with which to en-

hance the defendant's sentence. The trial court was not obligated to accept his guilty plea. It could not circumvent the plea agreement by sentencing defendant using the distinguishing element as an aggravator.

*Id.* We decline the State's invitation to abandon our Supreme Court's *Hammons* reasoning as we have applied it in *Conwell* and *Carlson.*

▬ The trial court erred in finding the amount of cocaine an aggravating circumstance, but it did properly find Swain's criminal history an aggravating circumstance. Swain was convicted in 1999 of criminal confinement and residential entry, both as Class D felonies, and of battery as a Class A misdemeanor. Swain had "violated probation, home detention, and work release." (App. at 11.) These crimes are relatively recent, and of sufficient severity, that the trial court was within its discretion to consider Swain's criminal history an aggravating circumstance. *Cf. Ruiz v. State*, 818 N.E.2d 927, 928–29 (Ind.2004) (Ruiz's history of alcohol-related misdemeanors was not a significant aggravator in relation to Class B felony child molesting, as "the latter is manifestly different in nature and gravity from the misdemeanors.").

▬ The trial court found as mitigating circumstances hardship to Swain's family and his plea of guilty. Swain contends the trial court should have given more weight to the guilty plea. However, a guilty plea is not automatically a significant mitigating factor at sentencing. *Mull v. State*, 770 N.E.2d 308, 314 (Ind.2002). Where a defendant has received some benefit from his guilty plea, he is entitled to little, if any, mitigating weight for it at sentencing. *Banks v. State*, 841 N.E.2d 654, 658–59 (Ind.Ct.App.2006), *trans. denied* 855 N.E.2d 999 (Ind.2006).

Swain was facing a Class A felony charge that would have exposed him to a

potential sentence of fifty years. The minimum sentence for a Class A felony is twenty years. Ind.Code § 35–50–2–4. Swain benefited by pleading guilty to a Class B felony for which he was sentenced to fifteen years. The trial court did not abuse its discretion.

Finally, Swain argues his sentence was inappropriate in light of his character and the nature of his offense. It was not. Swain was in possession of 74.74 grams of cocaine when he was arrested. His criminal history involved offenses against persons and property. We cannot say a sentence of fifteen years was inappropriate.

Affirmed.

BAILEY, J., concurs.

SHARPNACK, J., concurs in result.