# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 12 2017, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel F. Delacruz, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 12, 2017 <br><br> Court of Appeals Case No. <br> 32A01-1705-CR-1014 <br><br> Appeal from the Hendricks Superior Court. <br> The Honorable Karen M. Love, Judge. <br> Trial Court Cause No. <br> 32D03-1601-FC-1 |

**Friedlander, Senior Judge**

[1] Daniel F. Delacruz appeals the sentence the trial court imposed upon his convictions of three counts of sexual misconduct with a minor, all Class C felonies. We affirm.

[2] Delacruz met M.W. through a dating app sometime between August 2011 and June 2012. At the time, Delacruz was twenty years of age, and M.W. was fifteen. M.W. told Delacruz online that he was sixteen years old, but when Delacruz arrived at M.W.'s house in Hendricks County within the next few days, M.W. admitted he was fifteen. Delacruz engaged in sexual intercourse with M.W. and continued to have occasional sexual contact with M.W. until after M.W. turned sixteen.

[3] M.W. introduced Delacruz to A.B. via text message. Between May 1, 2012 and August 31, 2012, Delacruz performed oral sex on A.B. in Hendricks County. A.B. was fifteen years old at the time.

[4] A.B. introduced Delacruz to E.B. A.B. and E.B. are twin siblings. Between August 1, 2013 and December 31, 2013, Delacruz had sexual intercourse with E.B., who was fifteen at the time, in Hendricks County.

[5] Finally, Delacruz met fourteen-year-old A.V. through a dating app. Delacruz had sex with A.V. at A.V.'s residence in Putnam County even though A.V. told him he was underage.

[6] In the current case, the State charged Delacruz with three counts of sexual misconduct with a minor (count 1 for M.W., count 2 for A.B., and count 4 for E.B.) and one count of child seduction (count 3, as to E.B.), all Class C felonies. The parties executed a plea agreement, pursuant to which Delacruz pleaded guilty to three counts of sexual misconduct with a minor. The State dismissed the count of child seduction. Further, the parties agreed the executed

portion of Delacruz's sentence would be capped at twelve years. Finally, the State agreed to dismiss a pending case against Delacruz in Putnam County, where he was charged with sexual misconduct with A.V., if Delacruz admitted to his criminal conduct against A.V. in the current case.

[7] The court accepted the plea agreement. The court determined that Delacruz's lack of a prior criminal history, his guilty plea and acceptance of responsibility, and his age at the time the crimes were committed were mitigating factors. The aggravating factors were that Delacruz committed uncharged misconduct with A.V., as well as the nature and circumstances of the offenses, particularly the approximate five-year age gap between Delacruz and his victims. The court further determined that the aggravating and mitigating circumstances balanced. As a result, the court sentenced Delacruz to four years with two years suspended on count one and sentenced Delacruz to four years on counts two and four, to be served consecutively, for an executed sentence of ten years, with an additional two years suspended to probation. This appeal followed.

[8] Delacruz claims his sentence is inappropriate in light of the nature of the offenses and his character because a greater proportion of his sentence should be suspended to probation. In general, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Nonetheless, even when a trial court imposes a sentence within its discretion, the Court retains constitutional authority to review and revise sentences. Ind. Const. art. 7, § 6. This constitutional authority is

implemented through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[9] The principal role of sentencing review under Appellate Rule 7(B) is to attempt to leaven the outliers. *Perry v. State*, 78 N.E.3d 1 (Ind. Ct. App. 2017). The appellant bears the burden of demonstrating the sentence is inappropriate. *Id.* We may consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Walters v. State*, 68 N.E.3d 1097 (Ind. Ct. App. 2017), *trans. denied*.

[10] The advisory sentence is the starting point in determining the appropriateness of a sentence. At the time Delacruz committed his offenses, the advisory sentence for a Class C felony was four years, with a minimum sentence of two years and a maximum sentence of eight years. Ind. Code § 35-50-2-6 (2005). The court sentenced Delacruz to four years, with two years suspended, for count one. The court further imposed the advisory sentence for counts two and four and ordered all sentences served consecutively for an aggregate executed sentence of ten years.

[11] The nature of the offense is found in the details and circumstances of the offenses and the defendant's participation. *Perry*, 78 N.E.3d 1. Delacruz used dating apps to meet underage boys and had sex with them. He also used his victims to obtain introductions to other potential victims. Delacruz had ample

opportunity to end his criminal behavior but chose not to, resulting in him molesting the four victims discussed in this case. "Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[12] The harm to some of the victims will be long-lasting. A.B. testified at sentencing that he suffered from anxiety and depression due to Delacruz's criminal conduct and had been in therapy since 2014. He is on multiple medications. Furthermore, A.B. stated he was having difficulty in forming genuine relationships with others. A.B.'s sibling E.B. reported that he has been diagnosed with "generalized anxiety disorder, post-traumatic stress disorder, panic disorder, and major depression." Tr. Vol. 2, p. 49. E.B. has been in counseling and on prescription medication for years. Delacruz's molestation of E.B. also damaged E.B.'s ability to form and maintain social relationships. E.B. indicated at sentencing, some four years after the molestation, that he thought about Delacruz's sexual abuse of him every day.

[13] Delacruz argues that he is not a predator, but it is difficult to describe his conduct here with any other term. He asked A.V., who he met while working as a substitute teacher, if A.V. knew any other underage boys. Further, Delacruz encouraged M.W. to introduce him to A.B., through whom he met E.B. M.W. explained that Delacruz insinuated himself into M.W.'s social circle to meet other boys of M.W.'s age. The nature of his offenses alone justifies the consecutive advisory sentences imposed by the trial court.

[14] The character of the offender is found in what we learn of the offender's life and conduct. *Perry*, 78 N.E.3d 1 (quotation omitted). Delacruz, who was twenty-five years old at the time of sentencing, had no prior criminal history. His lack of a history of convictions is undermined by the uncharged criminal conduct in the record, specifically his repeated molestations of M.W. until after M.W. turned sixteen and his molestation of A.V.

[15] In addition, although Delacruz pleaded guilty, his guilty plea is entitled to minimal weight because he negotiated a much lower sentence than the maximum. He received only ten years executed when he could have received twenty-four years if maximum, consecutive sentences had been imposed. *See Swain v. State*, 870 N.E.2d 1058, 1060 (Ind. Ct. App. 2007) (guilty plea entitled to "little, if any, mitigating weight" if defendant receives some benefit).

[16] Delacruz argues that his relatively young age indicates sentence reduction is appropriate because he was not fully mature and had not yet fully developed an ability to make rational decisions. We cannot agree. Delacruz was approximately twenty years of age when he committed his offenses, which is not particularly young. Further, he committed his crimes over a period of at least a year, so he had ample time to reflect on his criminal behavior and end it.

[17] Finally, Delacruz argues he would receive more benefit from obtaining sex offender treatment and general therapy outside of prison rather than from the services provided by the Indiana Department of Correction. The appropriate question is not whether another sentence is more appropriate, rather, the

question is whether the sentence imposed is inappropriate. *Williams v. State*, 997 N.E.2d 1154 (Ind. Ct. App. 2013). Delacruz will be eligible for sex offender treatment in prison. In light of the tragic nature of Delacruz's offenses and his uncharged misconduct, he has failed to demonstrate that his sentence is inappropriate.

[18] For the reasons stated above, we affirm the judgment of the trial court.

[19] Judgment affirmed.

Kirsch, J., and Robb, J., concur.