## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shannon Fledderman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 29, 2017 <br><br> Court of Appeals Case No. 15A01-1704-CR-850 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause No. 15D01-1605-F4-16 |

**Baker, Judge.**

[1] Shannon Fledderman appeals the sentence imposed by the trial court after Fledderman pleaded guilty to Level 4 Felony Burglary. Fledderman argues that the trial court erred by finding an improper aggravating factor and that her sentence is inappropriate in light of the nature of the offense and her character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] Around 2 p.m. on January 14, 2016, sixty-two-year-old Mary Scudder arrived at her home in Dearborn County and saw an unfamiliar vehicle in her driveway. She entered her home and found a strange woman walking down the stairs wearing latex gloves. The woman identified herself as Shannon Adams and said that she thought she had entered the home of her friend Kristy. After the woman, later identified as Fledderman, left, Scudder noticed that $410 in cash was missing. Scudder's son posted about the incident on Facebook.

[3] At the time, Indiana State Police Detective Christopher Howell was assisting the Decatur County Sheriff's Department on a case of residential entry in which Fledderman was a suspect. Detective Howell received Scudder's son's Facebook post; the details he described in his post matched the details of the residential entry case in Decatur County. Detective Howell went to the Ripley County Jail to interview Fledderman, who was being held on an unrelated matter. During the interview, Fledderman said that she remembered being in Scudder's house, talking to a woman at the bottom of the stairs, and looking through drawers upstairs.

[4]     On May 2, 2016, the State charged Fledderman with Level 4 felony burglary and Class A misdemeanor theft. On September 19, 2016, a guilty plea hearing took place during which Fledderman, pursuant to a signed plea agreement, agreed to plead guilty to the charges in exchange for the State agreeing to furlough her for four months into the Cross Roads Christian Recovery Center, a drug rehabilitation program. The trial court accepted the plea agreement and ordered Fledderman to return for sentencing upon her release from Cross Roads. The trial court advised Fledderman that if she left the program before completion or failed to return for sentencing, she would face an escape charge. The trial court further advised Fledderman that if she did not follow the program's rules, she would be reported, the furlough vacated, and her bail reinstated.

[5]     Fledderman completed the Cross Roads program, and her sentencing hearing took place on March 6, 2017. During the hearing, Detective Howell testified about the charges against Fledderman pending in Ripley County, which included charges for residential burglary, theft, receiving stolen property, and conspiracy to commit burglary; she also had a pending charge for residential entry in Decatur County. Detective Howell testified that the break-ins for which Fledderman was charged were related to opioids. Regarding the cases of residential burglary in Ripley County, Detective Howell testified that he believed that Fledderman had been in contact with Krista Comer, who worked at a local hospital; that Comer had used her position as a hospital employee to obtain addresses of people recently released from the hospital with prescriptions

for opioid drugs; and that Fledderman had targeted the homes of those people to obtain drugs. The detective testified that the break-ins in Ripley County took place around the same time as the break-in of Scudder's house in Dearborn County.

[6] Fledderman testified that, at the time of the break-ins, she "was just so messed up" and that if she "didn't have the pills . . . [she] couldn't function." Tr. p. 41. Fledderman also testified that she had offered to make statements for the charges pending in each county. Fledderman's presentence investigation report indicated that Fledderman was at high risk to re-offend because of substance abuse. After merging the misdemeanor theft into the felony burglary, the trial court imposed an eight-year sentence, with seven years executed and one year suspended to probation, with credit for 240 days served. Fledderman now appeals.

## Discussion and Decision

## I. Aggravating Factor

[7] Fledderman first argues that the trial court found an improper aggravating factor. One of the ways in which a trial court can err in the sentencing process is by finding aggravators or mitigators that are unsupported by the record or improper as a matter of law. *E.g.*, *Laster v. State*, 956 N.E.2d 187, 193 (Ind. Ct. App. 2011).

[8] At the time of her sentencing hearing for her crime in Dearborn County, Fledderman had charges pending in Ripley County that alleged that she and

another individual used confidential hospital records to find homes to target for break-ins in order to obtain drugs. The trial court found these other pending charges to be an aggravating factor, explaining its reasoning as follows:

> As far as the facts, the most staggering facts that were presented today, which I know I've never heard before and I'll never forget, um, detective Howells [sic] good work, that this is, and there's no evidence to the contrary, that Krista Comer, a Margaret Mary Hospital employee, was targeting Margaret Mary Hospital patients because they knew there would be drugs in the home. It's some of the most disturbing facts I've heard in fifteen years in a criminal courtroom. Just the thought of patients having their, their rights violated to that extent is nauseating. The Court finds that the facts in this case are heinous, the culpability is high, wearing gloves into the home, going off a script of known Margaret Mary Hospital patients. The severity of this crime is high, and the damage done to Miss Scudder and the others is high.

Tr. p. 58. Fledderman argues that this aggravator was inappropriate because the "facts that the judge found so heinous, nauseating and disturbing did not occur here." Appellant's Br. p. 12. In other words, Fledderman argues that the trial court relied on facts outside the record.

[9] Fledderman's participation in offenses other than the instant burglary conviction is supported by the record. Fledderman admitted to being addicted to drugs; she also acknowledged participating in the other residential entry cases as evidenced by her testimony that she was planning to make a statement for the case in Ripley County and had offered to make a statement for the cases in Dearborn County and Decatur County. The trial court may consider other

offenses, even if they have not yet resulted in convictions, when sentencing a defendant. *E.g.*, *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (noting that a record of arrest may reveal that a defendant has not been deterred and "may be relevant to the trial court's assessment of the defendant's character in terms of the risk that [she] will commit another crime"). The offense that the trial court considered took place in the same time period and in the same way as the instant burglary. It is apparent that the trial court considered the offense from Ripley County to emphasize its concern that Fledderman's addiction was driving her to increasingly more extreme acts. We find no error with the trial court's consideration of this aggravating factor.

## II. Appropriateness

[10]     Fledderman next argues that her sentence is inappropriate in light of the nature of the offense and her character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision— since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . . " *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[11]     Fledderman pleaded guilty to Level 4 felony burglary, for which she faced a sentence of two to twelve years imprisonment, with an advisory term of six

years. Ind. Code § 35-50-2-5.5. The trial court imposed an eight-year sentence, with seven years executed and one year suspended to probation.

[12] As for the nature of Fledderman's offense, Fledderman entered a locked home, wore latex gloves to avoid detection, and stole $410 cash from the older couple who lived there. Scudder wrote a letter to the trial court about the emotional impact that Fledderman's crime had on her. Scudder wrote that she felt "traumatized" upon seeing Fledderman inside her home and could not leave her home for a month. Tr. p. 56. Scudder was prescribed medication to treat the anxiety that she developed. She further wrote that she felt "violated" and does not trust anyone anymore. *Id.* at 57.

[13] As for Fledderman's character, we note that she has no criminal history; however, although this conviction is her first, at the time of her sentencing hearing, she had numerous charges pending against her in Ripley County and Decatur County for similar offenses. And while we commend Fledderman for her completion of the Cross Roads recovery program, her history of substance abuse still puts her at high risk to re-offend. *See, e.g.*, *Burgess v. State*, 854 N.E.2d 35, 40 (Ind. Ct. App. 2006) (finding that the defendant's addiction, to which the defendant admitted, was evidence of his propensity to re-offend). Fledderman's addiction motivated her to commit this burglary as well as other offenses in two other counties.

[14] Lastly, we note that the State argued for Fledderman to receive a twelve-year sentence with eight years suspended, followed by intensive outpatient treatment

to help Fledderman continue her recovery. The victim requested the trial court impose a sentence of twelve years with none suspended. The trial court's decision to impose an eight-year sentence with one year suspended shows that the trial court considered Fledderman's plea, remorse, and completion of the Cross Roads recovery program, and credited her accordingly. Under these circumstances, we do not find the sentence inappropriate in light of the nature of the offense and Fledderman's character.

The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.