## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2020, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam R. McCarthy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 5, 2020

Court of Appeals Case No.
19A-CR-2659

Appeal from the Allen Superior
Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause No.
02D05-1906-F6-709

**Bailey, Judge.**

# Case Summary

Adam R. McCarthy ("McCarthy") appeals his sentence, following a plea agreement, for possession of methamphetamine, as a Level 6 felony;[1] possession of marijuana, as a Class B misdemeanor;[2] and false informing, as a Class B misdemeanor.[3] We affirm.

# Issues

McCarthy raises the following two[4] issues on appeal:

1.  Whether the trial court abused its discretion in sentencing.

2.  Whether his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

Under cause number 02D05-1906-F6-709 ("Cause F6-709"), the State charged McCarthy on June 14, 2019, with possession of methamphetamine, as a Level 6 felony; possession of marijuana, as a Class B misdemeanor; and false informing, as a Class B misdemeanor. On July 8, McCarthy pled guilty and

---

[1] Ind. Code § 35-48-4-6.1(a).

[2] I.C. § 35-48-4-11(a).

[3] I.C. § 35-44.1-2-3(d)(1).

[4] Although McCarthy does not list the sentencing challenge in his statement of the issues, he raises that challenge in its own section of his brief. Appellant's Br. at 10-11.

entered the Drug Court Diversion Program. Under that program, McCarty was placed in the Park Center Addictions Residential Program. McCarthy successfully completed that program on August 13 and was then placed at Freedom House. McCarthy was terminated from Freedom House on August 25.

[4] On August 28, McCarthy's case manager informed the trial court that McCarthy was in violation of the drug court rules, and on September 16 the State filed a petition to terminate McCarthy from the Drug Court Program. The State alleged that McCarthy violated the conditions of his participation in the drug court program by failing to complete the recovery program at Freedom House, failing to obey all laws (i.e., being arrested for drug possession), and failing to notify his case manager that he was arrested and had contact with law enforcement officials. The court held a compliance hearing on September 16 and issued an order on September 18 in which it revoked McCarthy's assignment to the drug court and ordered a presentence investigation report.

[5] The presentence investigation report was filed with the court on October 15, and the trial court held a sentencing hearing on October 22, 2019, at which McCarthy admitted to the accuracy of the contents of the presentence investigation report. That report stated that McCarthy, twenty-five years old, had earned a GED while incarcerated in 2014, was in good physical health, and reported having been previously diagnosed with depression and anxiety. The presentence investigation report also noted that McCarthy's "criminal involvement" included felony, misdemeanor, and juvenile delinquent

adjudications, juvenile detention, jail or prison time, jail or prison discipline, probation, parole, violation or revocation of probation or parole, and community corrections. App. at 26. McCarthy's juvenile delinquent history was for operating a vehicle while intoxicated, failing to stop after an accident, and violation of probation.

[6] McCarthy's adult criminal history began with 2013 convictions for burglary and residential entry. He was sentenced to six years, with two years suspended to probation, for burglary, and was sentenced to two years for residential entry. In that cause, his placement with work release was revoked, his probation was modified to home detention, and his probation was then revoked. In 2013, he also was sentenced to thirty days for misdemeanor conversion. In 2014, McCarthy was sentenced to ten days for possession of a synthetic drug. In 2015, he was sentenced and placed on probation for operating while intoxicated. In 2018, he was sentenced to 180 days with 160 days suspended for public intoxication. Again, in 2018, he was sentenced to suspended jail time—which was later revoked—for conversion, resisting law enforcement, and false informing. In February 2019, McCarthy was sentenced to ten days for possession of marijuana. In March 2019, under cause number 02D05-1903-F6-275 ("Cause F6-275"), he was charged with one count of possession of methamphetamine.[5] In June 2019—the instant case—McCarthy pled guilty to

---

[5] The appeal of his conviction of that March 2019 charge is the subject of a separate pending appeal under a separate appellate cause number, i.e., 19A-CR-2655.

possession of methamphetamine, possession of marijuana, and false informing. While this case was pending, he was charged, convicted, and sentenced in cause number 02D04-1909-CM-4108 to ninety days in jail for possession of a controlled substance.

[7] At the October 22, 2019, sentencing hearing in the instant case, the court reviewed McCarthy's criminal history and considered it to be an aggravating circumstance. Specifically, the court stated:

> The Court does find as aggravating circumstances your criminal record with failed efforts at rehabilitation covering a period of time from 2012 to 2019, where you have accumulated two adjudications as a juvenile. Through the juvenile court system, you were given the benefits of operational supervision, individual counseling, and substance use out-patient treatment. You violated your probation. The other, then, as an adult, you have nine misdemeanor convictions and two prior felony convictions, with short jail sentences, longer jail sentences, active adult probation, time in the Work Release facility, time on the Home Detention Program. You've been in the Department of Correction, you've been on parole, and you've been through the Drug Court Program.

Tr. at 6. The court also found McCarthy's guilty plea, acceptance of responsibility, and remorse to be mitigating circumstances.

[8] The trial court sentenced McCarthy to concurrent sentences of two years for possession of methamphetamine, 180 days for possession of marijuana, and 180 days for false informing. The court ordered McCarthy's sentence in this cause,

F6-709, to be served consecutively to the sentence imposed in F6-275. This appeal of the convictions in F6-709 ensued.

# Discussion and Decision

## Abuse of Discretion in Sentencing

[9] McCarthy maintains that the trial court erred in sentencing him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any[ ]—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). So long as a sentence is within the statutory range, the trial court may impose it without regard to the existence of aggravating or mitigating factors. *Anglemyer*, 868 N.E.2d at 489. However, if

the trial court does find the existence of aggravating or mitigating factors, it must give a statement of its reasons for selecting the sentence it imposes. *Id*. at 490. But the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *Gross*, 22 N.E.3d at 869, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court found it to be insignificant, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[10] The sentencing range for a Level 6 felony is a fixed term of imprisonment between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7(b). The sentencing range for a Class B misdemeanor is a fixed term of not more than 180 days. I.C. § 35-50-3-3. Thus, the challenged aggregate sentence imposed was not the maximum possible aggregate sentence, as the sentence for the Level 6 felony was one-half year below the maximum sentence and the 180 day sentences for each of the Class B misdemeanors were ordered to be served concurrent to the two-year felony sentence.

[11] Nevertheless, McCarthy contends the trial court abused its discretion by failing to find his remorse, guilty plea, acceptance of responsibility, limited formal education, and history of mental health and substance abuse as mitigating circumstances. However, the trial court was "not obligated to accept as mitigating each of the circumstances proffered by the defendant." *Green v. State*, 65 N.E.3d 620, 636 (Ind. Ct. App. 2016), *trans. denied*. And the burden is on the

defendant to establish that the trial court overlooked mitigating evidence that is both significant and clearly supported by the record. *Id*.

[12] McCarthy has failed to carry that burden. First, contrary to McCarthy's contention, the trial court did find his remorse, guilty plea, and acceptance of responsibility to be mitigating factors. Second, the trial court did not err in failing to find his high school education, alleged mental health issues, and substance abuse issues to be significant mitigators or failing to explain why they did not exist as mitigators at all. *Sandleben*, 22 N.E.3d at 796. The only evidence McCarthy cites in support of his alleged mental health issues is his own self-serving statement that he has been diagnosed with depression and anxiety. He provided no documentation or other evidence to establish that diagnosis. And his history of substance abuse may actually be seen as evidence of a propensity to re-offend and, therefore, an aggravating circumstance, rather than a mitigator. *See Burgess v. State*, 854 N.E.2d 35, 40 (Ind. Ct. App. 2006). Moreover, as the State points out, in the past the courts have tried to address McCarthy's drug abuse issues through sentences less stringent than incarceration, but those solutions have failed to prevent McCarthy's recidivism.

[13] The trial court in this case found that the mitigators of McCarthy's remorse and acceptance of responsibility were outweighed by the aggravating circumstances of his lengthy criminal history and repeated failure to benefit from lesser sentences. At bottom, McCarthy's appeal of his sentence is simply a request that we reweigh the aggravating and mitigating circumstances, which we will

not do.  *Gross*, 22 N.E.3d at 869.  The trial court did not abuse its discretion in sentencing.

## Appellate Rule 7(B)

[14]  McCarthy contends that his sentence is inappropriate in light of the nature of the offense and his character.  Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court."  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original).  This appellate authority is implemented through Indiana Appellate Rule 7(B).  *Id.*  Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.  *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  *Roush*, 875 N.E.2d at 812 (alteration original).

[15]  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference."  *Cardwell*, 895 N.E.2d at 1224.  The principal role of appellate review is to attempt to "leaven the outliers."  *Id.* at 1225.

Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16]  McCarthy contends that the nature of his drug offenses does not support his aggregate two-year sentence. When considering the nature of the offense, we look at the defendant's actions in comparison to the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018). Here, there is no compelling evidence showing any particular restraint in commission of the crime or otherwise casting the offense in a better light. McCarthy was initially placed in a Drug Court Diversion Program where he was given the opportunity to receive drug treatment in residential programs rather than jail time, yet he chose to once again possess drugs. *See, e.g.*, *Phipps v. State*, 90 N.E.3d 1190, 1198-99 (Ind. 2018) (holding the sentence was not inappropriate in light of nature of offense where the defendant showed a repeated "inability to conform her behavior to court orders"). We see nothing in the nature of this offense that

suggests the sentence, which is within the statutory boundaries, is too harsh for the crime committed.

[17] McCarthy also maintains that the sentence is inappropriate in light of his character. When considering the character of the offender, one relevant factor is the defendant's criminal history. *E.g.*, *Pelissier v. State*, 122 N.E.3d 983, 990 (Ind. Ct. App. 2019), *trans denied*. "The significance of a criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quotation and citation omitted). Here, McCarthy has an extensive criminal history—both juvenile and adult—including alcohol and drug-related offenses. And, as the trial court noted, the judicial and penal systems repeatedly have given McCarthy opportunities at rehabilitation, including substance abuse counseling and treatment, short jail sentences, longer jail sentences, probation, work release, home detention, parole, and the drug court diversion program. McCarthy has reoffended after every such opportunity. Moreover, even as the instant case was pending, McCarthy reoffended while out on bond and was sentenced for possession of a controlled substance. We see no evidence that McCarthy's character makes his sentence inappropriate.

[18] McCarthy has not pointed to evidence compelling enough to overcome the deference we owe to the trial court regarding its sentence. *Stephenson*, 29 N.E.3d at 122.

Affirmed.

Kirsch, J., and Mathias, J., concur.